**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4650**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UBALDO ADONAY MORAN-AREVALO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:18-cr-00165-HCM-DEM-1)

Submitted: July 1, 2020                                      Decided: July 8, 2020

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Rodolfo Cejas, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, William B. Jackson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ubaldo Adonay Moran-Arevalo pled guilty to illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2018). The district court imposed a sentence of 30 months' imprisonment followed by a 3-year term of supervised release. Moran-Arevalo contends that his three-year term of supervised release is procedurally unreasonable. We affirm.

We review a defendant's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In considering whether to impose a term of supervised release when supervised release is not required by statute, the district court must consider the nature and circumstances of the offense, the defendant's history and characteristics, the need for deterrence, the need to protect the public, and pertinent policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3583(c) (2018). The Sentencing Guidelines provide that, if supervised release is not required by statute and the defendant is an alien facing post-incarceration removal, a sentencing court ordinarily should not impose a term of supervised release. U.S. Sentencing Guidelines Manual § 5D1.1(c) (2018). The application notes to § 5D1.1 state, however, that the district court should "consider imposing a term of

2

supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D1.1 cmt. n.5.

In *United States v. Aplicano-Oyuela*, 792 F.3d 416 (4th Cir. 2015), we held that, even if a district court does not specifically explain its reasoning for imposing a term of supervised release on a defendant facing removal, the supervised release term is procedurally reasonable "where a sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the § 3553(a) factors; and (3) determines that additional deterrence is needed." *Id.* at 424. We have reviewed the record and conclude that, contrary to Moran-Arevalo's argument, the district court's explanation of the sentence satisfies the standards articulated in *Aplicano-Oyuela*. The three-year term of supervised release is therefore procedurally reasonable and we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*